UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harrison Richardson,

          Plaintiff,        Case No. 23-cv-10544

v.                                  Judith E. Levy
                                  United States District Judge

Mike LNU and Paul LNU,
                                  Mag. Judge Kimberly G. Altman

          Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYING FEES OR COSTS [2],
DISMISSING CASE WITHOUT PREJUDICE, AND DENYING AS
MOOT PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER [3]**

On March 8, 2023, *pro se* Plaintiff Harrison Richardson filed the complaint in this case against Defendants Mike and Paul, whose last names were not specified.[1] (ECF No. 1.) He filed an application to proceed without prepaying fees or costs (*in forma pauperis*) (ECF No. 2) and an emergency motion for a temporary restraining order. (ECF No. 3.)

---

[1] Although Plaintiff does not identify Defendants' last names, he indicates that Mike is the manager and Paul is the owner of Plaintiff's apartment.

Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Plaintiff indicates that he is unemployed and receives approximately $943 per month in social security and retirement income. (ECF No. 2, PageID.11.) He also indicates that his monthly expenses are approximately $1760 each month.[2] (*Id.* at PageID.12.) He has no savings other than $300 in cash or in a checking or savings account. (*Id.*) Based on this information, Plaintiff's monthly expenses exceed his income. Accordingly, Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1) and his application to proceed without prepayment of fees is granted.

Because Plaintiff proceeds *in forma pauperis*, the Court must screen his complaint to see if it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent

---

[2] Although the handwritten numbers are difficult to read, it appears that Plaintiff spends $500 per month for the bus, $20 per month on laundry, $300 per month on food, $200 per month on clothes, and $740 per month on rent. These expenses add up to $1,760 per month. (ECF No. 2, PageID.12.)

2

standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Plaintiff's handwritten complaint is difficult to decipher. It appears that Plaintiff's claim pertains to a dispute between Plaintiff and Mike, the manager of his apartment. (*See* ECF No. 1, PageID.5.) Plaintiff appears to allege that Mike accused him of being a drug dealer and threatened to evict him and take his belongings.[3] (*Id.* at PageID.5.) He also alleges that Defendants took "advantage of my condition I [a]m half blind." (*Id.*) Plaintiff adds that he was homeless for thirty years before getting this apartment and now is being forced out. (*Id.*) Finally, Plaintiff states that Mike would not let him use "the company phon[e] to get help they just wanted my money . . . ." (*Id.*)

---

[3] Specifically, Plaintiff mentions his TV, Xbox, shoes, furniture, and eyeglasses. (ECF No. 1, PageID.5.)

3

The complaint is frivolous or subject to dismissal if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."); *accord Price v. Cox*, No. 10-CV-14224, 2011 WL 163372, at *3 (E.D. Mich. Jan. 18, 2011) (collecting cases). Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). The Constitution and Congress have provided the federal courts with the authority to hear a case only when diversity of citizenship exists between the parties or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction under 28 U.S.C. § 1331 arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Even liberally construing the Complaint "to encompass any allegation stating federal relief," the Court is unable to discern a viable federal claim on the face of the complaint. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (internal quotation marks and citation omitted). Here, Plaintiff indicates that there is federal question jurisdiction because Defendants "[b]roke my contract [and] brok[e] my rights to receive help." (ECF No. 1, PageID.4.) However, Plaintiff's claim appears to pertain to a landlord-tenant dispute and not a claim arising under federal law. *See, e.g.*, *Wieszciecinski v. Pergande*, No. 14-12159, 2014 WL 3135177, at *3 (E.D. Mich. July 8, 2014) ("Plaintiff does not allege any federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff complains about landlord/tenant issues rather than any claim arising under any federal law."). Plaintiff also does not assert that the Court has diversity jurisdiction or allege any facts that support the existence of diversity jurisdiction.

The Court does not have subject matter jurisdiction over this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED, the case is DISMISSED without prejudice, and Plaintiff's

5

emergency motion for a temporary restraining order (ECF No. 3) is DENIED AS MOOT.

    IT IS SO ORDERED.

Dated: March 8, 2023                      s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                             United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 8, 2023.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager